IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

KHOI VAN HA,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C 11-4012-MWB
(No. CR 07-4068-MWB)

**MEMORANDUM OPINION AND ORDER REGARDING PETITIONER'S SECTION 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standards For § 2255 Relief* . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. Procedural Matters* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      *1. Need for an evidentiary hearing* . . . . . . . . . . . . . . . . . . . . 7
      *2. Procedural default* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . 9
      *1. Applicable standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
      *2. Failure to explain plea agreement* . . . . . . . . . . . . . . . . . . 12
      *3. Failure to argue sentence violated plea agreement* . . . . . . . . 14
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## I. INTRODUCTION

This case is before me on petitioner Khoi Van Ha's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody and Memorandum Brief (Civ. docket no. 1), filed on February 4, 2011; and on Ha's Supplement To Petitioner's Brief (Civ. docket no. 5), filed by appointed counsel on May 9, 2011. Ha claims that the attorney who represented him at the trial level provided him with ineffective assistance of counsel in several ways. The respondent denies that Ha is entitled to any relief on his claims.

### A. The Criminal Proceedings

On September 27, 2007, Ha was charged, along with seven other alleged co-conspirators, by a sealed two-count Indictment (Crim. docket no. 1). Ha was not charged in **Count 1** of the Indictment. *See* Crim. docket no. 1. Ha was charged in **Count 2** of the Indictment with conspiracy to manufacture, possess with intent to distribute and distribution of one thousand plants or more of marijuana. *See* Crim. docket no. 1. On October 10, 2007, Ha appeared in front of Chief United States Magistrate Judge Paul A. Zoss to plead not guilty to **Count 2** of the Indictment. *See* Crim. docket no. 49.

The prosecution filed a Superseding Indictment (Crim. docket no. 87), on December 20, 2007. The Superseding Indictment added **Counts 3** through **26** against one of the co-conspirators. *See,* Crim. docket no. 87. 26. *See* Crim. docket no. 87. The prosecution filed a Second Superseding Indictment (Crim. docket no. 128), on January 24, 2008. With regard to Ha, and as relevant to this opinion, the Second Superseding Indictment added an allegation that the drug conspiracy activities occurred within 1,000 feet of a playground or school. *See* Crim. docket no. 128. Ha filed a Written Waiver Of

Personal Appearance At Arraignment and plea of not guilty to the Second Superseding Indictment (Crim. docket no.173), on February 11, 2008.

On August 18, 2008, Ha appeared before United States District Court Judge, Donald E. O'Brien, to plead guilty to **Count 2** of the Second Superseding Indictment. *See* Crim. docket no. 335. Ha appeared before me, with counsel, on November 24, 2008, for a sentencing hearing. *See* Crim. docket no. 460. I found that Ha had a total offense level of 25 with a criminal history category of I. Sent. Trans. at 17. The advisory guidelines range called for imprisonment of 57 to 71 months and there was an applicable statutory mandatory minimum of 120 months. Sent. Trans. at 17. After granting the prosecution's motions for substantial assistance pursuant to both 5K1.1 and 18 U.S.C. § 3553(e), and evaluating the 5K1.1 factors in Ha's case, I granted a 10% reduction from the mandatory minimum of 120 months. Sent. Trans. at 18-19.

Ha filed a Notice of Appeal (Crim. docket no. 472), to the United States Court of Appeals for the Eighth Circuit on December 2, 2008. On appeal, Ha argued that he was actually innocent of the drug quantity for which he had been convicted; that he had not understood that he would be subject to a ten-year mandatory sentence; that he should have received a 50% reduction to his sentence; that he should have received safety-valve protection; that the appeal waiver should not be enforceable because his plea had not been knowing and voluntary; that he had been sentenced under the incorrect statutory provision; and that his sentence did not comply with statutory mandates. *See* Crim. docket no. 577. On December 11, 2009, the United States Court of Appeals for the Eighth Circuit entered an Opinion (Crim. docket no. 577). The appellate court declined to address Ha's arguments on the merits and enforced the appeal waiver that Ha had knowingly and voluntarily entered into as part of his plea agreement. *See* Crim. docket no. 577.

### B. The § 2255 Motion

On February 4, 2011, Ha filed this *Pro Se* Motion Under § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Civ. docket no. 1) ("Motion"). By Order (Civ. docket no. 2), an attorney was appointed to represent Ha with regard to his Motion. On May 9, 2011, Ha's counsel filed a Supplement To Petitioner's Brief (Civ. docket no. 5), stating that counsel had nothing to add to the arguments made by the Petitioner. On May 20, 2011, the respondent filed a Response And Memorandum In Support Of United States' Response To Defendant's Motion Under 28 U.S.C. § 2255. (Civ. docket no. 6).

## II. LEGAL ANALYSIS

### A. Standards For § 2255 Relief

Section 2255 of Title 28 of the United States Code provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d

4

777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*).

One "well established principle" of § 2255 law is that "'[i]ssues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255.'" *Theus v. United States*, 611 F.3d 441, 449 (8th Cir. 2010) (quoting *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001)); *Bear Stops*, 339 F.3d at 780. One exception to that principle arises when there is a "miscarriage of justice," although the Eighth Circuit Court of Appeals has "recognized such an exception only when petitioners have produced convincing new evidence of actual innocence," and the Supreme Court has not extended the exception beyond situations involving actual innocence. *Wiley*, 245 F.3d at 752 (citing cases, and also noting that "the Court has emphasized the narrowness of the exception and has expressed its desire that it remain 'rare' and available only in the 'extraordinary case.'" (citations omitted)). Just as § 2255 may not be used to relitigate issues raised and decided on direct appeal, it also ordinarily "is not available to correct errors which could have been raised at trial or on direct appeal." *Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotations and citations omitted).

5

"Cause and prejudice" to resuscitate a procedurally defaulted claim may include ineffective assistance of counsel, as defined by the *Strickland* test, discussed below. *Theus*, 611 F.3d at 449. Indeed, *Strickland* claims are not procedurally defaulted when brought for the first time pursuant to § 2255, because of the advantages of that form of proceeding for hearing such claims. *Massaro v. United States*, 538 U.S. 500 (2003). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The "actual innocence" that may overcome either procedural default or allow relitigation of a claim that was raised and rejected on direct appeal is a demonstration "'that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) (quoting *Bousley*, 523 U.S. at 623); *see also House v. Bell*, 547 U.S. 518, 536-37 (2006). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)).

However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, I turn to analysis of Ha's claims for § 2255 relief.

### B. Procedural Matters

#### 1. Need for an evidentiary hearing

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *see* 28 U.S.C. §2255. On the other hand, an evidentiary hearing is necessary where "'the court is presented with some reason to question the evidence's credibility.'" *Kingsberry v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) (quoting 1 Liebman and Hertz, Federal Habeas Corpus Practice and Procedure § 19.5, at 723 (3rd ed. 1998); *id.* at 1033 n.6 (also quoting 28 U.S.C. § 2254, Rule 7 advisory committee's note (1994), made applicable to § 2255 by reference, as stating, "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."); *see also Koskela v. United States*, 235 F.3d 1148, 1149 (8th Cir. 2001) (holding that the district court abused its discretion in not holding an evidentiary hearing on a § 2255 claim of failure to call alibi witnesses, because the record before the district court "contained sharply conflicting evidence"). Even though ineffective assistance of counsel claims may be raised on a § 2255 motion, because of the advantages of that form of proceeding for hearing such claims, *see Massaro*, 538 U.S. at 500, that does not

7

mean that an evidentiary hearing is required for every ineffective assistance claim presented in a § 2255 motion. In this case, I conclude that no evidentiary hearing is required on any issue, because the record conclusively shows that Ha's allegations either cannot be accepted as true, because they are contradicted by the record, or that, even if his allegations were accepted as true, they would not entitle him to relief, *Buster*, 447 F.3d at 1132, even if I were to conclude that counsel's affidavit, standing alone, only raises credibility questions. *Kingsberry*, 202 F.3d at 1033.

### 2. *Procedural default*

Claims are procedurally defaulted if not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). "[C]ause and prejudice" may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Where possible, I have construed the petitioner's claims as claims of ineffective assistance of counsel and, therefore, will consider them on the merits.

8

## C. Ineffective Assistance Of Counsel

### 1. Applicable standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). The Eighth Circuit Court of Appeals has recognized that, if a defendant was denied the effective assistance of counsel guaranteed by the Sixth Amendment, "then his sentence was imposed 'in violation of the Constitution,' . . . and he is entitled to relief" pursuant to § 2255(a). *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010). Both the Supreme Court and the Eighth Circuit Court of Appeals have expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because such a claim often involves facts outside of the original record. *See Massaro*, 538 U.S. at 504-05 (2003); *United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

The Supreme Court has reiterated that "'the purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation . . . [but] simply to ensure that criminal defendants receive a fair trial.'" *Cullen v. Pinholster*, \_\_\_ U.S. \_\_\_, \_\_\_, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). That being the case, "'[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

9

result.'" *Id.* (quoting *Strickland*, 466 U.S. at 686, with emphasis added). To assess counsel's performance against this benchmark, the Supreme Court developed in *Strickland* a two-pronged test requiring the petitioner to show "both deficient performance by counsel and prejudice." *See Strickland*, 466 U.S. at 687-88, 697; *see also Knowles v. Mirzayance*, ___ U.S. ___, 129 S. Ct. 1411, 1419 (2009). "'Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.'" *Gianakos v. United States*, 560 F.3d 817, 821 (8th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687).

As to the deficient performance prong, "The Court acknowledged [in *Strickland*] that '[t]here are countless ways to provide effective assistance in any given case,' and that '[e]ven the best criminal defense attorneys would not defend a particular client in the same way.'" *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (quoting *Strickland*, 466 U.S. at 689). Moreover,

> Recognizing the "tempt[ation] for a defendant to second-guess counsel's assistance after conviction or adverse sentence," [*Strickland*, 466 U.S. at 689], the Court established that counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *id.*, at 690, 104 S. Ct. 2052. To overcome that presumption, a defendant must show that counsel failed to act "reasonabl[y] considering all the circumstances." *Id.*, at 688, 104 S. Ct. 2052. The Court cautioned that "[t]he availability of intrusive post-trial inquiry into attorney performance or of detailed guidelines for its evaluation would encourage the proliferation of ineffectiveness challenges." *Id.*, at 690, 104 S. Ct. 2052.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. To put it another way,

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell

> below an objective standard of reasonableness." [*Strickland*,] 466 U.S. at 688, 104 S. Ct. 2052. . . . The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.,* at 687, 104 S. Ct. 2052.

*Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 787 (2011); *Premo v. Moore*, ___ U.S. ___, 131 S. Ct. 733, 739 (2011) (quoting *Richter*). There are two substantial impediments to making the required showing. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Also, the court "'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."'" *King*, 595 F.3d at 852-53 (quoting *Ruff v. Armontrout*, 77 F.3d 265, 268 (8th Cir. 1996), in turn quoting *Strickland*, 466 U.S. at 690).

The second prong of the *Strickland* analysis requires the challenger to prove prejudice. *Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403 (citing *Strickland*, 466 U.S. at 691-92). "'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" *Gianakos*, 560 F.3d at 821 (quoting *Strickland*, 466 U.S. at 691). As the Supreme Court has explained,

> "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." [*Strickland*, 466 U.S.] at 694, 104 S. Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid*. That requires a "substantial," not just "conceivable," likelihood of a different result. *Richter*, 562 U.S., at ----, 131 S. Ct., at 791.

*Pinholster*, ___ U.S. at ___, 131 S. Ct. at 1403. Even where the petitioner "suffered prejudice from his lawyer's error," he is not entitled to § 2255 relief unless the lawyer's error was also the result of conduct that was professionally unreasonable at the time. *King*, 595 F.3d at 852-53.

The two prongs of the "ineffective assistance" analysis are usually described as sequential. Thus, if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003). On the other hand, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)); *accord Gianakos*, 560 F.3d at 821 ("'We need not inquire into the effectiveness of counsel, however, if we determine that no prejudice resulted from counsel's alleged deficiencies.' *Hoon v. Iowa*, 313 F.3d 1058, 1061 (8th Cir. 2002) (citing *Strickland*, 466 U.S. at 697, 104 S. Ct. 2052).").

### 2. *Failure to explain plea agreement*

Ha claims, *pro se*, that his attorney and interpreter failed to adequately explain and interpret the plea agreement to him and, therefore, his guilty plea pursuant to the plea agreement was neither knowing nor voluntary. Motion at 2. Respondent argues that, in

this case, the conduct of Ha's counsel did not fall outside the range of reasonable professional assistance. Response at 7.

"A valid guilty plea is an admission of guilt that waives all non-jurisdictional defects and defenses." *United States v. Frook*, 616 F.3d 773, 774 (8th Cir. 2010). "The binding nature of a plea of guilty thus depends on the fact that it is made 'voluntarily after proper advice' and with an understanding of the consequences." *Id.* (quoting *Kercheval v. United States*, 274 U.S. 220, 223-24 (1927)). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). A defendant's later conclusory claim that he did not understand what was going on during a plea hearing, rings hollow. *See U.S. v. Bahena*, 223 F.3d 797, 806-07 (8th Cir. 2000), *cert. denied*, 531 U.S. 1181 (2001). "The plea of guilty is a solemn act not to be disregarded because of belated misgivings about [its] wisdom." *United States v. Alvarado*, 615 F.3d 916 (8th Cir. 2010) (quoting *United States v. Woosley*, 440 F.2d 1280, 1281 (8th Cir. 1971).

The record indicates that Ha's plea was entered into both knowingly and voluntarily. Ha's counsel indicated during Ha's plea hearing, that prior to the plea hearing, with the assistance of an interpreter, he had gone over the original indictment and superseding indictments with Ha, had explained the superseding indictments to him, including a discussion of the differences between the original and superseding indictments and the application of the mandatory minimum, and had explained that Ha would be ineligible for safety-valve relief. (Plea Hrg. Trans. at 8). Ha acknowledged that his counsel had in fact done so. (Plea Hrg. Trans. at 8). Additionally, the court confirmed that, prior to the plea hearing, Ha and his attorney had gone through the plea agreement paragraph-by-paragraph with an interpreter making sure that Ha did not initial any paragraph until it was clear that he understood the meaning and consequences of the paragraph. (Plea Hrg. Trans. at 12-13). This was confirmed, in court, by Ha. (Plea Hrg. Trans. 13-14). Finally, Ha

confirmed that he understood that if he pled guilty, he would be subject to a ten-year mandatory minimum. (Plea Hrg. Trans. at 19).

Based on this record, Ha cannot overcome the "'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *See United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 689). Further, the United States Court of Appeals for the Eighth Circuit, while not specifically addressing the issue as one of ineffective assistance of counsel, found that Ha had entered into the plea agreement knowingly and voluntarily after receiving the assistance of his trial counsel. *See* Crim. docket no. 577. I see no reason here to disagree with that determination. Ha's claim of ineffective assistance of counsel, on the basis that his counsel failed to adequately explain the plea agreement, is denied.

### 3. *Failure to argue sentence violated plea agreement*

Ha argues, *pro se,* that his "sentence is not in accordance with the plea, because the plea states Defendant was pleading guilty to count 2 alleging the conspiracy involved the manufacture and distribution of 1000 or more kilos or marijuana plants, [b]ut Defendant was not actually admitting that he was reasonably foreseeable [sic] or responsible for 1000 or more kilos or marijuana plants during the conspiracy offense. . . ." The respondent claims that the issue of the length of Ha's sentence is not cognizable, because it has already been decided on direct appeal. Response at 9.

I do not find that, on direct appeal, the Eighth Circuit Court of Appeals addressed the issue of ineffective assistance of counsel for failing to assert that the sentence was not in accordance with the plea agreement; rather, the appellate court merely determined that Ha's plea and plea waiver were entered into knowingly and voluntarily and that the sentencing issues Ha was attempting to appeal were within the scope of the valid appeal waiver. *See* Criminal docket no. 577. Although the ineffective assistance of counsel claim

14

presented here is different, I do not find support in the record for Ha's position that his sentence was not in accordance with the plea agreement. Ha asserts that Paragraph 14 of the plea agreement specifically states that he was responsible for only 400 kilos of marijuana, that his base offense level was 28, and that this base offense level established a maximum quantity of 700 kilos. Motion at 3. Review of the record indicates that Paragraph 14(A) of the plea agreement states that the prosecution is free to present evidence and arguments to support the stipulation and, if warranted, a higher base offense level and further states that Ha was involved in "at least" 400 kilograms of marijuana, not "only" 400 kilograms of marijuana. Response, Ex. 1. There is simply no merit to the argument that Ha's sentence was not in accordance with his plea agreement. Counsel's failure to advance a meritless argument cannot constitute ineffective assistance. *Rodriguez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994). Ha's claim that his trial counsel was ineffective for not arguing that his sentence was not in accordance with is plea agreement is denied.

### *D. Certificate Of Appealability*

Denial of Ha's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

I find that Ha has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find my assessment of Ha's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Ha does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### *III. CONCLUSION*

Upon the foregoing, Ha's *Pro Se* Motion Under 28 U.S.C. § 2255 (Civ. docket no. 1), is **denied in its entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 3rd day of October, 2011.

*(signed)* Mark W. Bennett
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA