IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| KHOI VAN HA,<br><br>      Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent. | No. C 11-4012-MWB<br><br>ORDER REGARDING PETITIONER'S MOTION TO VACATE JUDGMENT REGARDING THE DISMISSAL OF PETITIONER'S 28 U.S.C. SECTION 2255 MOTION |

_____

## *I. INTRODUCTION*

This case is before me on petitioner Khoi Van Ha's *Pro Se* Motion To Vacate Judgment Regarding The Dismissal Of Petitioner's 28 U.S.C. § 2255 (docket no. 15) (Motion), filed on March 26, 2012. In his Motion, Ha claims that my previous ruling denying his Motion Under 28 U.S.C. § 2255 was procedurally defective because he had ineffective assistance of counsel. *See* Motion at 3-4. Ha seeks to have my previous Memorandum Opinion and Order, and Judgment (docket nos. 7 & 8), denying him §2255 relief, vacated and asks to be given additional time to amend or supplement his §2255 motion. Motion 5-6. The respondent has not filed a response to Ha's Motion.

## *II. LEGAL ANALYSIS*

Rule 60(b) of the Federal Rules of Civil Procedure allows for relief from a judgment or order under certain prescribed circumstances and applies to habeas proceedings to the extent it is not inconsistent with the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also*

28 U.S.C. § 2255; *Fed. R.Civ.P.* 60(b); *Fed.R.Civ.P.* 81(a)(4). However, if a motion pursuant to Rule 60(b) is actually a successive § 2255 motion, it requires certification by a court of appeals before filing. *See* 28 U.S.C. §§ 2244(b)(3)(A). "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F. 3d 1093, 1094 (8th Cir. 2002) (per curiam) (inmates may not bypass authorization requirement of § 2255 by purporting to invoke some other procedure); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if a Rule 60(b) motion is actually a successive habeas petition, the district court should deny it for failure to obtain authorization from the court of appeals, or in its discretion, transfer the motion to the court of appeals).

District courts, when presented with a purported Rule 60(b) motion following the dismissal of a previous habeas petition, should conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255. *See Boyd*, 304 F.3d at 814.

A Rule 60(b) motion seeking relief from the denial of a § 2255 motion and raising claims of a postconviction relief nature should be construed as a successive 2255 motion. *See Guinan v. Delo*, 5 F.3d 313, 316-17 (8th Cir. 1993); *see also Blair v. Armontrout*, 976 F.2d 1130, 1134 (8th Cir. 1992). A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. *Ward*, 577 F.3d at 933. When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). For the purpose of determining whether the motion is a habeas corpus application, "claim" is defined, as applicable to the facts of this case, as an attack on the "federal court's previous

resolution of the claim on the merits." *See Ward*, 577 F.3d at 933. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief …." *Id.* When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA. *Id.*

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *See Gonzalez*, 545 U.S. at 532. "Likewise, a motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Ward*, 577 F.3d at 933 (quoting *Gonzalez*, 545 U.S. at 530). "The Supreme Court has 'note[d] that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably'". *Id.* (quoting *Gonzalez*, 545 U.S. at 532 n.5). Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel. *Id.* at 932. Moreover, the AEDPA specifically prohibits such grounds for relief. *Id.*

Ha's Rule 60(b) Motion seeks to vacate my previous Memorandum Opinion and Order, and Judgment (docket nos. 7 & 8), of October 3, 2011, denying his request for relief pursuant to 28 U.S.C. § 2255, on the ground that counsel appointed to represent him provided ineffective assistance by failing to communicate with him and by failing to provide him with copies of documents. Motion 3-4. Because Ha's only claim is that he received ineffective assistance of counsel, his claim is denied and dismissed because it ultimately seeks to assert or reassert substantive claims, which makes his Motion a successive § 2255 motion for which he has failed to obtain authorization from the Eighth

Circuit Court of Appeals.  *See United States v. Lambros*,  404 F.3d 1034, 1036 (8th Cir. 2005) (citing *Boyd v. United States*, 304 f.3d 813, 814 (8th Cir. 2002) (per curiam)).

### *III.  CONCLUSION*

Upon the foregoing, Ha's March 26, 2012, *Pro Se* Motion To Vacate Judgment Regarding The Dismissal Of Petitioner's 28 U.S.C. §2255 Motion (docket no. 15) is **denied and dismissed in its entirety.**

**IT IS SO ORDERED.**

**DATED** this 1st day of May, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA